UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

RICHARD XIE,

    Plaintiff,

    v.

JEFFREY STEFANCIC, *et al*.,

    Defendants.

Case No. 4:26-CV-00040-GSL-JEM

## OPINION AND ORDER

This matter is before the Court on an Emergency Motion for Temporary Restraining Order and Preliminary Injunction [DE 15] filed by Plaintiff, Richard Xie, on June 5, 2026.  Defendants, Jeffrey Stefancic, Mung Chiang, Patrick Wolfe, Katherine Sermersheim, Michael Kilpsch, and Gary J. Lehman, responded on June 20, 2026. *See* [DE 26].  Plaintiff filed his reply on July 15, 2026. [DE 33].  For the reasons set forth below, the Motion [DE 15] is **DENIED**.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this lawsuit against various current and former employees of Purdue University alleging that they violated Title II of the Americans with Disabilities Act and the Rehabilitation Act when they suspended him from attending the university for one academic year, until August 2, 2027, based on his disability status. *See generally* [DE 19].  More specifically, Plaintiff claims that Defendants "do not perform Manifestation Determinations or engage in the federally required interactive process for students with disabilities in higher education." [DE 15 at 2]. Instead, Plaintiff contends that Defendants "treat[] disability-related conduct as indecent[.]" [*Id*.].

On June 6, 2026, Plaintiff filed the instant emergency motion for a temporary restraining order and preliminary injunction asking the Court to immediately stay his suspension and set a date for a preliminary injunction hearing. [DE 15 at 2].

## LEGAL STANDARD

Temporary restraining orders are subject to the same standards as those for preliminary injunctions. *Vill. of Orland Park v. Pritzker*, 475 F. Supp. 3d 866, 878 n.4 (N.D. Ill. 2020). To obtain a preliminary injunction, a plaintiff must show that: he is likely to be successful on the merits of his claim, he will suffer irreparable harm without the issuance of a preliminary injunction, the balance of equities tip in his favor, and an injunction will serve the public's interest. *A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 766–67 (7th Cir. 2023); *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020).

In showing the likelihood of success on the merits, a plaintiff "need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762; *Metro. Sch. Dist. of Martinsville*, 75 F.4th at 768. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Pritzker*, 973 F.3d at 763 (quotation marks omitted).

Next, "[i]rreparable harm occurs when [the plaintiff can establish that] the legal remedies available to [him] are inadequate." *Metro. Sch. Dist. of Martinsville*, 75 F.4th at 774 (7th Cir. 2023). Finally, "[b]efore issuing an injunction, courts are required to balance the competing claims of injury and consider the effect on each party of the granting or withholding of the requested relief[,]" which includes considering the "public consequences should the preliminary injunction be issued." *Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 774 (7th Cir. 2023).

2

**DISCUSSION**

As an initial matter, the Court notes that Plaintiff's Motion is primarily made up of conclusory statements with very few facts. Looking first to Plaintiff's likelihood of success on the merits, the entirety of his argument is as follows:

> Defendants have admitted … that they do not perform Manifestation Determinations or engage in federally required interactive process for students with disabilities in higher education. By treating disability-related conduct as indecent, Defendants have violated the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.

[DE 15 at 2] (internal quotations omitted)[1].  Without any facts or further elaboration, the Court is unable to ascertain what the alleged "Manifestation Determinations" Plaintiff is referring to or how the lack thereof somehow violates federal law. Similarly, there is no discussion about what "interactive process" Defendants failed to engage in or what federal law requires it. This is simply insufficient to establish the essential element of the likelihood of success on the merits. *Pritzker*, 973 F.3d at 763.

Since Plaintiff has failed to satisfy that essential element, the Court need not evaluate whether he will suffer irreparable harm without the issuance of a preliminary injunction or balance the equities, including the public interest.  Accordingly, the request for temporary restraining order and preliminary injunction are denied.

Plaintiff has also requested leave to appear remotely for any hearing that might take place between July 14, 2026 and August 7, 2026. [DE 31].  No hearing is currently scheduled in this case; therefore, this request is not ripe and must be denied.

---

[1] Plaintiff's Reply brief fares no better. He raises several new legal claims not discussed in the initial motion or alleged in the Amended Complaint. [DE 32]; *see United States v. Williams*, 85 F.4th 844, 849 (7th Cir. 2023) (holding that "[j]ust as undeveloped arguments are waived, so are arguments raised for the first time in reply briefs." (citation omitted)).

**CONCLUSION**

Based on the foregoing reasons, the Plaintiff's Emergency Motion for Temporary Restraining Order [DE 15] is **DENIED**. Additionally, the Plaintiff's Motion to Appear Remotely [DE 31] is **DENIED.**

SO ORDERED.

ENTERED: July 16, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court