UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RICHARD XIE,<br><br>Plaintiff,<br><br>v.<br><br>JEFF STEFONCIC, *et al*.,<br><br>Defendants. | Case No. 4:26-CV-00040-GSL-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss [DE 41] filed by Defendants, Jeffrey Stefoncic, Mung Chiang, Patrick Wolfe, Katherine Sermersheim, Michael Kilpsch, and Gary J. Lehman (hereinafter collectively referred to as "Defendants"), on August 17, 2026. Plaintiff, Richard Xie, responded [DE 50] on August 26, 2026, and Defendants replied [DE 52] on September 2, 2026. For the reasons set forth below, Defendants' Motion to Dismiss [DE 41] is **GRANTED**.

**BACKGROUND**[1]

*A. Factual History*

Plaintiff is an adult male who was diagnosed with Autism in 2011, at the age of four. [DE 19 at ¶ 1]. As a result of his Autism diagnosis, Plaintiff experiences a lack of coordination, skin sensitivity issues, and muscle weakness. [*Id*. at ¶¶ 1, 3].

Beginning in the fall of 2025, Plaintiff was enrolled at Purdue University in the Electrical and Computer Engineering program. [*Id*. at ¶ 1]. During the 2025-2026 academic year, Plaintiff was

[1] Attached to the Amended Complaint is an exhibit made up of several different documents including medical records, e-mail communications, news articles, Purdue University Senate documents, and Re-Entry Information for Purdue University. *See* [DE 19-1]. Generally, "pleadings" for purposes of determining a Rule 12(b)(6) motion "include the complaint, the answer, and any written instruments attached as exhibits." *Federated Mut. Ins. v. Coyle Mech. Supply Co.*, 983 F.3d 307, 312 (7th Cir. 2020). Therefore, the Court draws on the Amended Complaint and the attached exhibits when evaluating the sufficiency of Plaintiff's claims in relation to the instant Motion to Dismiss. *See* [DE 19].

referred to Purdue's Office of Students Rights and Responsibilities (OSRR) on three separate occasions due to misconduct he was alleged to have engaged in. [DE 19-1 at pg. 7].

In October 2025, a conduct report was filed with the OSRR regarding an incident that took place between Plaintiff and other students during Teaching Assistant Office Hours. [DE 19-1 at 7]. It was reported that Plaintiff yelled, threatened, made inappropriate comments, and exhibited aggression towards staff and other students during office hours. [*Id.*]. Notice was provided to Plaintiff on October 22, 2025, with a stated time to respond, and a conduct hearing was scheduled for October 30, 2025. [*Id.*]. The Notice provided that Plaintiff could schedule an "Information Session" with OSRR staff prior to the October 30, 2025 hearing where he could review the allegations made against him, be informed of his rights, and understand the range of disciplinary sanctions that he was facing. [*Id.*]. Plaintiff chose not to schedule the offered "Information Session". [*Id.*].

During the October 30, 2025 hearing, conducted by Senior Associate Dean of Students, Jeffrey Stefancic, Plaintiff accepted responsibility for his conduct, which violated policies associated with Appropriate Order within the University and Endangerment. [DE 19-1 at 7]. As a result, he was placed on Disciplinary Probation effective October 30, 2025 through March 13, 2026. [*Id.*]. He was also required to sign a statement affirming he understood the behavior expectations of students, attend certain workshops, and meet with a staff member in the Office of the Dean of Students. [*Id.*]. Plaintiff was provided an opportunity to appeal this decision but he did not do so. [*Id.*].

On May 2, 2026, Purdue University Police Department responded to the Wilmeth Active Learning Center, a public place on Purdue's campus, because Plaintiff was observed touching his genitals through his clothing for self-gratification. [DE 19-1 at 7]. Purdue's OSRR provided notice to Plaintiff on May 6, 2026, giving him time to respond to the matter. [*Id.*]. Due to the nature of the

reported conduct and his disciplinary standing at the time, the matter was referred to Purdue's Community Standards Board to be resolved. [*Id.*]. A hearing was set for May 22, 2026.

Before the hearing, on May 20, 2026, Plaintiff filed a formal complaint for disability discrimination with Purdue's Office of Civil Rights. [DE 19]. After the hearing, on May 29, 2026, a letter was sent to Plaintiff by Katherine L. Sermersheim, Purdue's Dean of Students, informing him of the outcome of the May 22, 2026 hearing. [DE 19-1 at 16-18]. Plaintiff was found responsible for the alleged misconduct that took place on May 2, 2026. [*Id.*]. As a result, Plaintiff was suspended from Purdue University effective May 22, 2026 through August 2, 2027, with the opportunity to petition for reentry for the fall 2027 semester. [*Id.*]. He was also informed that if he was to return after the period of suspension, he would be placed on Disciplinary Probation for the duration of his enrollment. [*Id.*]. Finally, Plaintiff was informed of the procedures for filing an appeal of the suspension decision, and that he must do so by June 5, 2026. [*Id.*].

*B. Procedural History*

As a result of the above-described events, Plaintiff initiated this lawsuit premised on Defendants alleged "refus[al] to perform the required review process for students with disabilities", which demonstrated a pattern of deliberate indifference toward Plaintiff during the 2025/2026 academic year. [DE 1, 19]. In addition to filing the Complaint, *pro se*, Plaintiff filed a Motion to Proceed In Forma Pauperis [DE 4] and a Motion for Temporary Restraining Order [DE 5]. The case was transferred to this district on May 20, 2026. [DE 8].

The Court initially denied Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(e)(2)(B) explaining that:

> Plaintiff's Complaint alleges that 18 different defendants violated 42 U.S.C. § 1983. *See* [DE 1]. However, instead of including the factual allegations that give rise to the legal violations, Plaintiff simply states "[c]laim is found in the evidence[,]" and attaches

> more than 350 pages of documentary records including letters, emails, academic policies and the like. See generally [DE 1]. This is procedurally deficient.

[DE 10]. As a result, the Court dismissed the original Complaint without prejudice and denied the Motion for a Temporary Restraining Order as moot. [*Id.*].

On June 5, 2026, Plaintiff requested leave to file an Amended Complaint, a renewed motion to proceed in forma pauperis, an Emergency Motion for Temporary Restraining Order, and a Motion for Preliminary Injunction. *See* [DE 12-16]. The Court gave Plaintiff leave to file the Amended Complaint and granted his request to proceed in forma pauperis. [DE 18]. The Court, however, denied Plaintiff's motion for a temporary restraining order and preliminary injunction due to his inability to show a likelihood of success on the merits:

> Plaintiff's Motion is primarily made up of conclusory statements with very few facts … Without any facts or further elaboration, the Court is unable to ascertain what the alleged "Manifestation Determinations" Plaintiff is referring to or how the lack thereof somehow violates federal law. Similarly, there is no discussion about what "interactive process" Defendants failed to engage in or what federal law requires it. This is simply insufficient to establish the essential element of the likelihood of success on the merits.

[DE 34 at 3-4] (internal citations omitted).

The Amended Complaint, which remains operative, alleges (1) a violation of the Americans with Disabilities Act (ADA); (2) a violation of Section 504 of the Rehabilitation Act (Section 504); (3) a violation of due process under 42 U.S.C. 1983; and, (4) a claim for retaliation under both the ADA and Section 504. [DE 19]. Specifically, Plaintiff alleges that Defendant Jeffrey Stefancic refused to perform the required review process for students with disabilities and sanctioned Plaintiff on two separate occasions without said review. [DE 19 at ¶¶ 2, 6]. Plaintiff alleges that Defendant Katherine Sermerscheim violated his rights by upholding the recommendation that he be suspended through August 2027. [*Id.* at ¶ 9]. The Amended Complaint further alleges that Defendants Gary J. Lehman

and Michael Klipsch, as Chair and Vice Chair of Purdue Trustees, failed to act on the above-described actions which Plaintiff alleges to be "systemic due process violations." [*Id*. at ¶ 8]. As to Defendant Patrick Wolfe, supervisor of Defendant Jeffrey Stefancic, Plaintiff alleges only that he "noted [to engage in] a pattern of unfair and heavy-handed decisions affecting students and faculty." [*Id*. at ¶ 4]. Finally, the only allegation against Defendant Mung Chiang is that he "ha[s] openly backed Defendant Patrick Wolfe's leadership that was heavily criticized by the Faculty Senate." [*Id*. at ¶ 5].[2]

In lieu of answering the Amended Complaint, Defendants filed the instant motion arguing that Plaintiff has failed to state claim for relief. [DE 41].

**LEGAL STANDARD**

A plaintiff survives a Rule 12(b)(6) motion to dismiss when "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

**DISCUSSION**

*A. Violations of the ADA and Section 504*

[2] Paragraph 7 of the Amended Complaint alleges that Purdue University "is legally required to ensure its disciplinary system complies with federal laws, especially the ADA and Section 504. They should ensure an equitable disciplinary system with reasonable accommodations but deliberately failed to do so." [DE 19 at ¶ 7]. The Court notes, however, that Purdue University is not a named defendant in this case.

In the Amended Complaint, Plaintiff alleges that Defendants' "[a]s senior administrators of [] [Purdue], [] ha[d] obligations to ensure compliance with the ADA and [S]ection 504 … [including] ensur[ing] an equitable disciplinary system with reasonable accommodations, but deliberately failed to do so[]" when they did not "perform the required review process for students with disabilities" or "conduct[] disability-related review[s]". [DE 19 at ¶¶ 3, 6-7].

Claims under Title II of the ADA and Section 504 of Rehabilitation Act are "treated as functionally identical[.]" *Culp v. Caudill*, 140 F.4th 938, 942 (7th Cir. 2025); *McDaniel v. Syed*, 115 F.4th 805, 822 (7th Cir. 2024) ("[C]ourts construe and apply [the statutes] in a consistent manner,' and our evaluation of [a plaintiff's] claims under both [requires] the same analysis"). Therefore, in order to state a claim under either the ADA or Section 504, a plaintiff must plead facts that plausibly suggest that (1) he is a qualified individual with a disability; (2) the defendant denied him the benefits of its services, programs, or activities or otherwise subjected to discrimination; and (3) the denial or discrimination was because he was disabled. *See Brown v. Meisner*, 81 F.4th 706, 708–09 (7th Cir. 2023); *Mapes v. Carroll Cnty. Superior Ct.,* 2025 WL 3012755, at *6 (N.D. Ind. Oct. 27, 2025). Notwithstanding this, the Seventh Circuit has "consistently concluded that the Rehabilitation Act's sole-causation standard is more stringent than the ADA's 'but for' inquiry." *Lewis v. Indiana Dep't of Transportation*, 2026 WL 1090714, at *3 (7th Cir. 2026). That means that "a plaintiff bringing a claim under the Rehabilitation Act must show *sole causation*, rather than but-for causation." *Id*. (emphasis added).

Accordingly, in order for Plaintiff to plausibly allege that Defendants violated the ADA and Section 504, he must show that he suffered from a disability as defined in the statute, that Defendants were aware of his disability, and that Defendants failed to reasonably accommodate his disability. *E.E.O.C. v. AutoZone, Inc*., 809 F.3d 916, 919 (7th Cir. 2016). The Amended Complaint alleges

disciplinary sanctions imposed against Plaintiff because his behavior was in violation of Purdue's Code of Student Conduct, *not* because of his disability. *See generally* [DE 19]; [DE 19-3 at 7-8.]. While he pleads that he was entitled to "a disability-related review" of some type, he fails to plead that he was sanctioned by Defendants *because* of his disability, an essential element of his claims. *See Daniels v. Univ. of Notre Dame*, 2023 WL 12117036, at *5 (N.D. Ind. Aug. 25, 2023) (finding that the plaintiff failed to state a claim for violations of the ADA and Section 504 because "[he] ple[d] that he was denied the ability to continue admission at Notre Dame Law School because he was found to be in violation of Notre Dame student conduct policy, not because of a disability"). In fact, he attaches to the Amended Complaint, documentation proving that his suspension was a result of his behavior, namely, yelling at students, making inappropriate remarks to teaching-assistants, making verbal threats during office hours, and engaging in self-gratification in a public space on campus. *See generally* [DE 19-3]. Further, the documentation also provides that Plaintiff took responsibility for said misconduct. [*Id.*].

Notwithstanding this failure, the Seventh Circuit has routinely held that disciplinary actions for student or employee misconduct, even if alleged to be caused by a disability, does not qualify as an adverse action under the ADA or Section 504. *See Brumfield v. City of Chicago*, 735 F.3d 619, 630 (7th Cir. 2013); *Matthews v. Commonwealth Edison Co.,* 128 F.3d 1194, 1195 (7th Cir.1997); *Palmer v. Circuit Court of Cook Cnty.,* 117 F.3d 351, 352 (7th Cir.1997); *see also Despard v. Bd. of Trs. of Indiana Univ.*, 2015 WL 4946112, at *8 (S.D. Ind. Aug. 18, 2015) (explaining that "[i]t is well established in the Seventh Circuit that [a]n employer may fire [or discipline] an employee for engaging in unacceptable workplace behavior without violating the ADA (or the Rehabilitation Act), even if the behavior was precipitated by a [disability] … [and] student claims brought under the ADA or Rehabilitation Act can be measured by the same standard"). For example, in *Despard*, the plaintiff,

an Indiana University (IU) student, had a "meltdown" and made "unprofessional comments" during an evaluation of another peer in a small research group due to her Asperger's syndrome. *Despard*, 2015 WL 4946112, at *1. As a result, IU instructed her to have no contact with that peer. *Id*. The plaintiff failed to adhere to the instructions and further sanctions were employed. *Id*. The Plaintiff then sued IU for, *inter alia*, violations of the ADA and Section 504. *Id*. The court, however, found that the "[p]laintiff ha[d] directly alleged that she was subject to restrictions because of her meltdown, i.e., inappropriate conduct, not because of a disability. *Id*. As a result, she has pled herself out of court." *Id*.

Plaintiff has done the same here. He alleges that Defendants sanctioned him due to his conduct that violated Purdue's Student Code of Conduct, not because he is disabled. [DE 19]. For all of these reasons, Plaintiff's claims against Defendants, in both their official and individual capacities, for violation of the ADA and Section 504 fail.[3] *See Brewer v. Wisconsin Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008)) (explaining that claims under the ADA and Section 504 must only be brought against public entities); *see also Cesca v. W. Illinois Univ. Bd. of Trs.*, 716 F. Supp. 3d 696, 705-06 (C.D. Ill. 2024); *Doe v. Bd. of Trs. of the Univ. of Illinois*, 2020 WL 13883653, at *14-15 (C.D. Ill. Oct. 26, 2020).

*B. 42 U.S.C. § 1983 Claim*

Plaintiff alleges that Defendants violated his due process rights when engaging in the disciplinary process detailed in the documents attached to the Amended Complaint. [DE 19]. That process included notice, a chance to respond, an information session prior to the hearing for him to ask

[3] Defendants raise the argument that Plaintiff appears to be referring to requirements under the Individuals with Disabilities Education Act (IDEA) when he alleges that he was entitled to a "manifestation determination" prior to being suspended. [DE 424]. However, because the IDEA only applies to students in preschool through twelfth grade, such a determination is not required here. § 1415(k). Plaintiff does not directly respond to this argument, and since his claims under the ADA and Section 504 fail for the reasons discussed above, the Court need not address this argument.

questions, which he did not partake in, a hearing, and the chance to appeal any decision. [DE 19-3 at 7-8, 16-17].

42 U.S.C. § 1983 "imposes liability on any person who, acting under color of state law, violates the Constitution or federal law. *Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025). "To prevail on a § 1983 claim, a plaintiff must show that the defendant deprived h[im] of a federal constitutional right and that the defendant acted under color of state law." *Sizyuk v. Purdue Univ.*, No. 4:20-CV-75-TLS, 2024 WL 68282, at *2 (N.D. Ind. Jan. 5, 2024). When a plaintiff alleges a procedural due process claim, there are two steps: "[f]irst, the court must identify the protected property or liberty interest at stake. Second, it must determine what process is due under the circumstances." *Charleston v. Bd. of Trs. of Univ. of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013).

Defendants argue that Plaintiff was given all of the process he was due, and that, regardless, the Seventh Circuit has firmly rejected the proposition that students have a stand-alone property interest in their continued education at a state university. [DE 42 at 8-9]. Plaintiff responds by asserting that the processes he was afforded "fail[ed] to meet minimal constitutional thresholds" but does not expand upon how the process he received was constitutionally inadequate. [DE 50 at 6].

The Court agrees with Defendants. Plaintiff's due process claim fails at the first step. The Seventh Circuit has routinely "rejected the proposition that an individual has a stand-alone property interest in an education at a state university, including a graduate education." *Charleston v. Bd. of Trs. of Univ. of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013). The Seventh Circuit explained that "instead of accepting a stand-alone interest, we ask whether the student has shown that he has a *legally protected entitlement* to his continued education at the university." *See Id*. (holding that where a university promised to adhere to "the procedures set out in the disciplinary policy[,] … [while] [i]t may have been unfair for the university not to follow its own procedures[,] … it was not

unconstitutional"). Plaintiff has not alleged a protected property or liberty interest, recognized under the law, and even if he had, he has not alleged what process he was due and subsequently not provided with. Accordingly, Plaintiff's § 1983 due process claim fails.

*C. Retaliation Claim*

Finally, the Amended Complaint alleges that Plaintiff was subjected to retaliation by Defendants in violation of the ADA. To succeed on a retaliation claim, the following must be established: "[Plaintiff] engaged in statutorily protected expression; (2) []he suffered an adverse action by h[is] employer; and (3) there is a causal link between h[is] protected expression and the adverse action." *Fuller v. McDonough*, 84 F.4th 686, 690 (7th Cir. 2023) (quoting *Scaife v. U.S. Dep't of Veterans Affs.*, 49 F.4th 1109, 1118 (7th Cir. 2022)).

The allegations in the Amended Complaint, and the attached documents, state that Plaintiff engaged in "indecent and lewd" behavior on May 2, 2026. [DE 19-3 at 17]. He then filed a formal complaint for disability discrimination with Purdue's Office of Civil Rights on May 20, 2026. [DE 19 at 4]. On May 22, 2026, a "conduct conference" was held before Purdue's Community Standards Board regarding Plaintiff's actions that took place on May 2, 2026. [DE 19-3 at 16]. Following the hearing, Plaintiff was notified on May 29, 2026 that he was being placed on a one-year academic suspension. [DE 19-3 at 16]. Plaintiff alleges that "the close temporal proximity of nine days" from the time that he filed the disability discrimination complaint, and the date he was notified of his suspension, establishes a causal connection between the protected activity (Plaintiff filing the disability discrimination complaint) and the adverse action (Plaintiff's suspension). [DE 19 at 4].

Defendants argue that Plaintiff's retaliation claim fails because the charging decision that led Plaintiff to be suspended occurred before any protected activity. [DE 42 at 9]. Defendants point out that the decision to suspend Plaintiff was a direct result of his two prior misconduct violations, which

occurred in the fall of 2025, coupled with his indecent behavior on campus on May 2, 2026. [*Id*. at 10]. Therefore, Defendants maintain that Plaintiff's own submitted evidence clearly establishes that he was not suspended in retaliation for filing a complaint with the Office of Civil Rights. [*Id*.].

In response, Plaintiff reverses course and now claims that the protected activity was on April 24, 2026, rather than May 20, 2026, but he cannot "defend a motion to dismiss by pleading new facts in his response to the motion." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Regardless, as Defendants point out, Plaintiff's indecent conduct on May 2, 2026, constitutes a significant intervening event severing any interference of retaliatory causation. [DE 52 at 3]; *see also Hall v. Bodine Elec. Co.,* 276 F.3d 345, 359 (7th Cir.2002) ("[A]n employee's complaint of harassment does not immunize [him] from being subsequently disciplined or terminated for inappropriate workplace behavior."); *Sawyer v. Columbia Coll.*, 864 F. Supp. 2d 709, 723–24 (N.D. Ill. 2012) (finding that a plaintiff's suspension was not done in retaliation where "there was a clear intervening factor—[a fight with another student]—between the time that [the] [p]laintiff complained … and the time that he was suspended"). The undisputed timeline shows that Plaintiff engaged in and was sanctioned for misconduct in the fall of 2025, then engaged in indecent conduct on campus on May 2, 2026. [DE 19]. On May 20, 2026, he filed a complaint with the Office of Civil Rights. [*Id*.]. On May 22, 2026, a hearing was held regarding the May 2, 2026 events, and on May 29, 2026, Plaintiff's suspension was imposed. [*Id*.]. The Court agrees with Defendant that the temporal proximity between Plaintiff's complaint to the Office of Civil Rights and his suspension does not establish the necessary retaliatory intent as the May 2, 2026 event coupled with Plaintiff's 2025 violations reasonably explains the May 29, 2026 suspension. Accordingly, Plaintiff's claim for retaliation under the ADA fails.

*D. Title VI Claim*

Plaintiff raises a Title VI claim for the first time in his response to the Defendants' Motion to Dismiss. [DE 50 at 7]. The Amended Complaint pleads only claims under the ADA, Section 504, and §1983, as well as a claim for retaliation. There is no mention of Title VI. It is well established that a complaint "may not be amended by the briefs in opposition to a motion to dismiss[.]." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012); *Batistatos v. Lake Cnty. Convention & Visitors Bureau d/b/a/ S. Shore Convention & Visitors Auth.*, 2026 WL 472053, at *8 (N.D. Ind. Feb. 19, 2026). Accordingly, the Court will not entertain the Title VI claim raised for the first time in Plaintiff's response to the instant motion.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss [DE 41] is **GRANTED**. Plaintiff's Motions for Leave to File a Motion for Preliminary Injunction [DE 46, 51] are **DENIED as moot**. The Amended Complaint [DE 19] is **DISMISSED with prejudice.** This case is now closed.

SO ORDERED.

ENTERED: October 22, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court